Yuan v. Holder

BIA
Hom, IJ
A077 810 890

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

ZHOUJIN YUAN,
> *Petitioner,*

> v.                                    12-1202
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Nathan Weill, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Stephen J. Flynn,
                       Assistant Director; Imran R. Zaidi,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhoujin Yuan, a native and citizen of The People's Republic of China, seeks review of a March 13, 2012, decision of the BIA affirming the January 7, 2010, decision of Immigration Judge ("IJ") Sandy Hom, which denied her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhoujin Yuan*, No. A077 810 890 (B.I.A. Mar. 13, 2012), *aff'g* No. A077 810 890 (Immig. Ct. N.Y. City Jan. 7, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 334-35 (2d Cir. 2006). Because Yuan filed her asylum application in 1999,

the REAL ID Act does not apply in this case.  *See* REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)); *Matter of S-B-*, 24 I. & N. Dec. 42, 45 (BIA 2006).  A pre-REAL ID Act adverse credibility determination must be based on "specific, cogent" reasons that bear a "legitimate nexus to the finding."  *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (quotation omitted).[1]  Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is "minor and isolated," and the testimony is otherwise "generally consistent, rational, and believable."  *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000).

Substantial evidence supports the agency's adverse credibility finding as the record reflects a major inconsistency regarding Yuan's claim that she was forcibly sterilized in China.  As the agency found, although Yuan testified before the IJ that her sterilization certificate had been lost and she had never obtained a copy, in fact,

---

[1] *Secaida-Rosales* has been abrogated in part by the REAL ID Act, *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)(per curiam), but applies here because the REAL ID Act does not govern in this case. *See Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 287 n.6 (2d Cir. 2009).

she had submitted the certificate with her asylum application several years earlier. The agency reasonably declined to credit Yuan's explanation that she was unaware that the certificate was submitted with her asylum application or alternatively that she did not understand what it said, as the record contains documentation showing that she discussed the certificate in her asylum interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Yuan's argument that the BIA improperly engaged in independent fact-finding and relied on evidence not in the record is not supported by the record–the BIA upheld the same inconsistency finding the IJ made, and contrary to Yuan's claim, the asylum officer's assessment summarizing her asylum interview is included in the record.

The adverse credibility determination is further bolstered by the agency's finding that Yuan failed to independently corroborate her claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)(per curiam). Yuan's assertion that the IJ did not make a corroboration finding is again contrary to the record, and her claim that the agency was required to point to specific missing documents before making a corroboration finding applies only

4

when the agency denies an otherwise credible applicant on corroboration grounds alone. *See, e.g., Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007)(en banc); *see also Biao Yang*, 495 F.3d at 273.

Given the inconsistency in Yuan's testimony concerning the central component of her asylum claim, her lack of compelling explanation for the inconsistency, and the failure to identify any error in the agency's corroboration finding, the adverse credibility determination is supported by substantial evidence. As the credibility determination calls into question the credibility of Yuan's forced sterilization, the findings are sufficiently related to the heart of her claim to satisfy the pre-REAL ID Act requirements for an adverse credibility finding. *See Secaida-Rosales*, 331 F.3d at 307; *Diallo*, 232 F.3d at 288.

The adverse credibility determination in this case necessarily precludes success as to both asylum and withholding of removal as both claims share the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Yuan does not challenge the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk